IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 30, 2021 Session

## JASON M. PETERSON v. JODI L. CAREY

**Appeal from the Circuit Court for Sullivan County**
**No. C43245(M)    John S. McClellan, III, Judge**

_____

### No. E2021-00430-COA-R3-CV

_____

This negligence case arises from a one-car accident in which the Plaintiff Jason M. Peterson, a passenger in a car driven by Defendant Jodi L. Carey, was injured. Plaintiff filed his complaint more than one year after he was injured. Defendant moved to dismiss on the ground that the one-year statute of limitations for personal injuries, Tenn. Code Ann. § 28-3-104(a)(1)(A), had run and the case was untimely filed. Plaintiff argued that because Defendant was given a citation for failure to exercise due care, Tenn. Code Ann. § 28-3-104(a)(2), which provides for a two-year limitations period if "[c]riminal charges are brought against any person alleged to have caused or contributed to the injury," applies. Defendant responded that because the police issued her citation under the Kingsport Municipal Code, the total fine was fifty dollars, a penalty that was civil and not criminal in nature. The trial court dismissed Plaintiff's action with prejudice, holding it was filed too late. Because no evidence of the citation was presented to the trial court, and there is no indication in the trial court's final judgment that it considered the arguments regarding the citation, we vacate and remand for the trial court to consider the evidence and rule on the issue presented.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Frank L. Slaughter, Jr., Bristol, Tennessee, for the appellant, Jason M. Peterson.

S. Curtis Rose, Kingsport, Tennessee, for the appellee, Jodi L. Carey.

# OPINION

## BACKGROUND

The complaint alleges that Defendant was driving a car with Plaintiff as passenger, and Defendant "for unknown reasons left the roadway to the left," lost control of the car, and flipped it several times. Plaintiff alleged negligence per se in that Defendant violated four traffic statutes. The accident happened on September 29, 2019. The complaint was filed on October 14, 2020.

The complaint states that "[d]ue to COVID-19 and the pandemic shutting down the country and the courts, statute September 29, 2019 was missed and have been advised [*sic*] to file accordingly due to the pandemic shutting down the court systems and businesses, in the country." Defendant filed a motion to dismiss for failure to file within the one-year statute of limitations.

On January 19, 2021, Plaintiff's counsel filed a response stating that "due to Covid-19 and the pandemic scheduling issues were less than optimal and filing issues arose whereby I missed the statute deadline but had every intention of filing same." On January 28, 2021, this Court filed *Younger v. Okbahhanes*, 632 S.W.3d 531, 537 (Tenn. Ct. App. 2021), holding that

> the traffic citation issued to Defendant for failure to exercise due care [under T.C.A. § 55-8-136], which had been prepared, accepted, and the original citation filed with the court, is a criminal charge and a criminal prosecution by a law enforcement officer, such that Tennessee Code Annotated § 28-3-104(a)(2) is applicable to extend the statute of limitations in this action to two years.

We further stated and reasoned in *Younger* as follows:

> Defendant paid a fine with the Roane County General Sessions Court in October 2017 for his violation of Tennessee Code Annotated § 55-8-136, which requires a driver to exercise due care.
>
> \*        \*        \*
>
> Tennessee Code Annotated § 28-3-104(a)(1) (2017) provides that personal injury actions shall be subject to a one-year statute of limitations except as provided in subsection (2), which states as follows:

A cause of action listed in subdivision (a)(1) shall be commenced within two (2) years after the cause of action accrued, if:

(A) Criminal charges are brought against any person alleged to have caused or contributed to the injury;

(B) The conduct, transaction, or occurrence that gives rise to the cause of action for civil damages is the subject of a criminal prosecution commenced within one (1) year by:

(i) A law enforcement officer;

(ii) A district attorney general; or

(iii) A grand jury; and

(C) The cause of action is brought by the person injured by the criminal conduct against the party prosecuted for such conduct.

\* \* \*

Although a traffic offense, Tennessee law is clear that a violation of Tennessee Code Annotated § 55-8-136 for failure to exercise due care is a Class C misdemeanor and, therefore, a criminal offense.

\* \* \*

In this case, the General Assembly specifically included that a criminal prosecution may be commenced by a law enforcement officer. Following the preparation, acceptance, and delivery of the original citation to the court, the individual charged with the traffic violation was required to answer the citation, and there was nothing further the police officer was required to file in order to commence the prosecution for such criminal offense. If our General Assembly intended to exclude traffic citations from the application of Tennessee Code Annotated § 28-3-104(a)(2) for policy reasons, it easily could have done so. It did not do so.

*Id.* at 532, 535, 536, 537.

Nineteen days later, Plaintiff filed a "brief in response to Defendant's motion to dismiss," arguing that the suit was filed "within two years of the statute of limitations as the Defendant did receive a citation for [f]ailure to [e]xercise [d]ue [c]are just like the case in" *Younger*. Defendant responded by asserting that she was cited under Kingsport Municipal Code 98-62, "which mirrors the citation of T.C.A. § 55-8-136," but because it is a violation of a municipal code, not a state statute, it does not carry criminal penalties, so the limitations period is not extended to two years. As noted, there is no actual evidence of the citation in the record; there is only Plaintiff's assertion that Defendant received a citation "just like in" *Younger*, and Defendant's response that the citation was written for

3

a violation of the Kingsport Municipal Code, not the Tennessee Code Annotated, which arguably distinguishes *Younger*.

The trial court dismissed the action as untimely filed, stating only that "the lawsuit was filed after the one-year statute of limitations had expired, and therefore this matter is, accordingly, DISMISSED with prejudice." The trial court made no reference to or ruling regarding Defendant's citation, the authority under which it was issued, or the arguments regarding the potential application of the two-year limitations period provided at Tenn. Code Ann. § 28-3-104(2) and discussed in *Younger*.

In their appellate briefs, neither party includes a statement of the issues. There is no indication that the trial court considered or ruled upon what we perceive to be the dispositive issue, which is whether Tenn. Code Ann. § 28-3-104(2) applies under the circumstances. Further, no evidence of the actual nature of the citation issued to Defendant was entered for the trial court's consideration. Under these circumstances, we find it appropriate to vacate the judgment and remand the case for the trial court to consider and rule upon the dispositive issue.

## CONCLUSION

The trial court's judgment is vacated and the case is remanded. Costs on appeal are divided equally with the appellant, Jason M. Peterson, and appellee, Jodi L. Carey, each assessed one-half, for which execution may issue, if necessary.

_____
KRISTI M. DAVIS, JUDGE